UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LOUIS GIRAU and ROSEMARY GIRAU,
          Plaintiffs,                        10-cv-4320 (NSR)
    -against-

                                          MEMORANDUM OPINION
EUROPOWER, INC.,                        AND ORDER
          Defendant.
-------------------------------------------------------------X

EUROPOWER, INC.,
          Third Party Plaintiff,
    -against-

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC. and CONSOLIDATED
EDISON, INC.,
          Third Party Defendants.
-------------------------------------------------------------X

EUROPOWER, INC.,
          Second Third Party Plaintiff,
    -against-

CRP INDUSTRIES, INC. and A&M INDUSTRIAL,
          Second Third Party Defendants.
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Louis Girau ("Plaintiff") is an employee of Third-Party Defendant Consolidated Edison Company of New York, Inc., a wholly owned subsidiary of fellow Third-Party Defendant Consolidated Edison, Inc. (collectively "Con Ed"). On December 18, 2008, Plaintiff was injured on the job while splicing cables. The hydraulic cutter which he was using burst and caused fluid to be injected into his right hand. Defendant and Third-Party Plaintiff Europower, Inc. ("Europower") is alleged to be the manufacturer of the hydraulic cutter. On June 25, 2012,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2014

Europower brought a third-party action against Con Ed for indemnification and contribution, alleging Plaintiff's injuries could be considered "grave injuries" as defined by the New York Workers' Compensation Law.

Now before the Court is Con Ed's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56, which is unopposed. Con Ed asserts that, based on the evidence adduced during discovery, the third-party action is barred by the Workers' Compensation law because Plaintiff did not in fact suffer a "grave injury." The pertinent provision allows third-party actions against employers only where the employee has sustained

> only one or more of the following: death, *permanent and total loss of use* or amputation *of an arm, leg, hand or foot*, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.

N.Y. Workers' Comp. Law § 11 (emphasis added). A third-party plaintiff must prove such injury "through competent medical evidence." *Id.* Here, the only question is whether Plaintiff suffered permanent and total loss of use of his right hand. *See Castro v. United Container Mach. Grp., Inc.*, 96 N.Y.2d 398, 401 (2001) ("Injuries qualifying as grave are narrowly defined in Workers' Compensation Law § 11. Thus, the only determination to be made is whether the injury falls within the statute's objective requirements.").

The evidence demonstrates no such total loss of use. As of March 23, 2011, there were differing opinions as to Plaintiff's scheduled loss of use, with one physician opining there would be a 50% loss and another finding a potential 66⅔% loss. (Con Ed Ex. G.) On June 23, 2011, Plaintiff stipulated that his loss of use was 60% for purposes of workers' compensation. (Con Ed Ex. H.) Significantly, Plaintiff returned to work in January 2010, (Con Ed Ex. K; *accord* Con Ed

Ex. M, Pl.'s Dep. at 118:3-8), and as of August 26, 2013, an independent medical examiner reported Plaintiff was performing his work activities as he had done previously, (Con Ed Ex. L). Plaintiff testified that Con Ed required him to be retested in order to recertify him to return to his job, and that he passed the tests. (Con Ed Ex. M, Pl.'s Dep. at 124:12–125:22.)

Accordingly, Con Ed's motion for summary judgment is GRANTED. To the extent there may be any cross-claims still pending against Con Ed, those are also dismissed. The Clerk of Court is respectfully directed to terminate this motion (Doc. 102) and dismiss the case as against Third-Party Defendants Consolidated Edison Company of New York, Inc., and Consolidated Edison, Inc.

Dated: August 20, 2014  
      White Plains, New York

SO ORDERED:

_____  8/26/14  
NELSON S. ROMÁN  
United States District Judge